UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 3: 10-13-DCR |
| V. | ) ) | |
| RONALD CRAIG HORNBACK, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ronald Hornback has filed a motion *in limine* seeking to compel the United States to set forth proof of authentication regarding the child pornography images found on his computer. [Record No. 25] Citing *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 5227 (2009), he contends that "reliance on statements of law enforcement identifications, even sworn statements would violate the confrontation clause of the Sixth Amendment." [*Id.*] Therefore, he asserts that the matter should be addressed prior to trial so that both sides are clear regarding which images are likely to be admitted.

The United States has responded to the motion, correctly pointing out that, to the extent that the Defendant's motion relates to whether the images depict actual minors, the jury may decide the issue based solely on the images themselves. *See United States v. Salcido*, 506 F.3d 729, 733-34 (9th Cir. 2007) ("We agree with every other circuit that has ruled on the issue that expert testimony is not required for the government to establish that the images depicted an actual minor," and "there seems to be general agreement among the circuits that pornographic

-1-

images themselves are sufficient to prove the depiction of actual minors."); *United States v. Rodriguez-Pacheco*, 475 F.3d 434, 438-39 (1st Cir. 2007) (there is no "per se rule that the government must produce expert testimony in addition to the images depicted are of real children: and "the mere possibility, unsupported by evidence, that the images could have been produced by use of technology and not using real children was not sufficient to reject a lower court ruling founded on reasonable inferences derived from experience and common sense . . ."); and *United States v. Kimler*, 335 F.3d 1132, 1142 (10th Cir. 2003) (holding on plain error review that "[j]uries are still capable of distinguishing between real and virtual inages; and admissibility remains within the providence of the sound discretion of the trial judge"); and *United States v. Deaton*, 328 F.3d 454, 455 (8th Cir. 2003) (upholding a jury's conclusions that real children were depicted even where the images themselves were the only evidence that the government presented on the subject).

The United States also states that, while it is not required to do so, it has provided the Defendant's counsel with information indicating that a number of images and one video depict previously-identified "real" children. This information includes a report from the National Center for Missing and Exploited Children and affidavits of law enforcement officers. The United States indicates that the affidavits were provided in an effort to reach stipulations regarding age and whether the images were of "real" children. However, it advised the Defendant's attorneys that, if the defense was unwilling to stipulate regarding these issues, it intended to call witnesses to prove these facts at trial.

Having considered the parties' respective positions, the Court does not believe that a hearing is needed to resolve this matter prior to trial. While the Defendant may "strenuously object" to the introduction of the evidence to be offered by the United States, the Court will address its admissibility when the evidence is offered. However, the United States is not required prove its case in advance in response to the Defendant's *in limine* motion.

Being sufficiently advised, it is hereby

**ORDERED** that the Defendant's Motion In Limine For An Order Explicitly Setting Forth How The United States Intends To Authenticate The Images Seized From Defendant's Computer [Record No. 25] is **DENIED**.

This 23rd day of November, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge