UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 3: 10-13-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 3: 13-7296-DCR |
| V. | ) | |
| | ) | |
| RONALD CRAIG HORNBACK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ronald Craig Hornback has moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  [Record No. 103]  He has also filed a motion/brief challenging the Court's subject matter jurisdiction. [Record No. 102] Pursuant to local practice, the matter was referred to a United States magistrate judge for review and issuance of a report and recommendation under 28 U.S.C. § 636(b)(1)(B).

On May 6, 2014, United States Magistrate Judge Robert E. Wier issued his report which recommended that Hornback's motions be denied and that a Certificate of Appealability should not issue.   Hornback then filed his objections to the magistrate judge's report and recommendations.  [Record No. 113]  Having conducted a *de novo* review of the portions of the recommendation to which he objects, the Court will adopt the magistrate judge's recommended disposition and deny the relief sought by Hornback.

# I.

On September 2, 2010, Hornback was indicted and charged with five counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). [Record No. 1] On November 24, 2010, the United States moved for a hearing regarding a potential conflict of interest concerning Hornback's retained counsel, T. Sherman Riggs and Nathan Riggs, because their defense strategy implicated Hornback's son while they were simultaneously representing his son in state court. [Record No. 32] Hornback's counsel acknowledged the conflict and moved to withdraw after consulting the Kentucky Bar Association Ethics Hotline. [Record Nos. 38, 39] The motion was granted and attorney Joyce Merritt was appointed upon Hornback's request pursuant to the provisions of the Criminal Justice Act ("CJA") . [Record Nos. 42, 43]

On April 11, 2011, Hornback entered a guilty plea to one count of receiving of child pornography. [Record No. 69] He was subsequently sentenced to 121 months imprisonment and a life-term of supervised release. [Record Nos. 75, 79] After Hornback appealed to the United States Court of Appeals for the Sixth Circuit, Merritt moved to withdraw under *Anders v. State of Cal.*, 386 U.S. 738 (1967). The Sixth Circuit granted the motion to withdraw and affirmed Hornback's sentence.[1] [Record No. 91]

---

[1] Several of Hornback's claims are procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 168 (1982) (If a § 2255 petitioner could have raised a claim at trial or on direct appeal but did not, § 2255 relief on that claim is deemed procedurally defaulted.). However, the United States did not raise the issue in its response. [*See* Record No. 110.] Because the Sixth Circuit has cautioned that courts should not raise the issue of procedural default *sua sponte*, the Court will address the merits of Hornback's claims. *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005); *see also Flood v. Phillips*, 90 F. App'x 108, 114 (6th Cir. 2004); *but see Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000).

On July 22, 2013, Hornback moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[2]  [Record No. 103]  Hornback also amended his motion and filed an additional brief arguing that the Court lacked subject matter jurisdiction.  [Record Nos. 102, 104] Hornback makes several claims of error in his motion and subsequent amendment, arguing that: (i) Merritt had a conflict of interest because she served as an advisory board member for the Boys and Girls Club of America; (ii) his plea was involuntary due to coercion and his lack of understanding of the charges against him; (iii) he was constructively denied his right to counsel because Merritt provided no assistance; (iv) he received ineffective assistance of counsel because Merritt did not investigate his case or challenge an allegedly defective search warrant; (v) his sentence was unconstitutionally enhanced; (vi) the Court lacked subject matter jurisdiction over the proceeding; (vii) the United States lacked territorial jurisdiction over the matter; and (viii) the Court committed "structural error" by ordering that Hornback's previous counsel be replaced by CJA counsel.  [*See* Record Nos. 103, 104.]

On May 6, 2014, Magistrate Judge Wier recommended that Hornback's § 2255 motion be denied.  Specifically, he concluded that: (i) Hornback's waiver was valid and enforceable; (ii) Hornback's plea was voluntary; (iii) Hornback's sentencing guideline range was properly calculated; (iv) the Court had both subject matter and territorial jurisdiction over the offenses; (v) Hornback failed to demonstrate that his counsel's performance fell below professional standards or that a different result would have occurred but for Merritt's alleged errors; and (vi)

---

[2]        The magistrate judge previously found the motion to be timely filed  under the prisoner mailbox rule. [Record No. 105, p. 1 n.1]

Hornback's claim of structural error is without merit. [Record No. 112] The magistrate judge also recommended that no Certificate of Appealability should be issued. [*Id.*]

## II.

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that the sentence was imposed in violation of the Constitution or federal law, that the court lacked jurisdiction, that his or her sentence exceeded the maximum penalty authorized by law, or that the sentence is otherwise subject to collateral attack. *Id.* To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude which had a substantial and injurious effect or impact on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted). Additionally, to prevail on a claim of non-constitutional error, the defendant must show a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Id.* (citations omitted).

A district court must make a *de novo* determination of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III.

### A.    The Magistrate Judge's Involvement

Hornback first argues that he never consented to the involvement of a magistrate judge. [Record No. 113, p. 1] He asserts that consent of both parties is required before a magistrate judge may issue a report and recommendation. [*Id.* (citing 28 U.S.C. § 636(c))] Thus, he claims, the magistrate judge had no authority to address his claims. [*Id.*]

This matter was referred to United States Magistrate Judge Robert E. Wier for consideration and issuance of a report and recommendation. *See* General Order 10-14 ("All motions to vacate, correct or modify a sentence pursuant to 28 U.S.C. § 2255 . . . shall be divided equally by blind rotating draw and referred among full-time United States Magistrate Judges . . . ."). This process does not require the consent of any party. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may . . . designate a magistrate judge to . . . submit to a judge of the court proposed finding of fact and recommendations . . . of applications for post[-]trial relief made by individuals convicted of criminal offenses . . . ."). Further, 28 U.S.C. § 636(b)(1)(B) "clearly authorizes" such referrals and does not require consent. *Miller v. U.S. Dep't of Justice*, 905 F.2d 1538 (6th Cir. 1990); *see also McCarthy v. Bronson*, 500 U.S. 136, 139 (1991) (classifying 28 U.S.C. § 636(b)(1)(B) referrals as "nonconsensual").

While Hornback argues that he never consented under 28 U.S.C. § 636(c), that section only applies to a magistrate judge's ability to enter final judgment. 28 U.S.C. § 636(c) ("Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case[.]"). Here, Magistrate Judge Wier did not enter final judgement and Hornback's lack of consent is of no consequence.

## B.     Waiver of Collateral Attack

Hornback also generally argues that the waiver provision of his plea agreement is invalid because it was the product of coercion.  [Record No. 113, pp. 2-3 (citing *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)]  A valid waiver of the right to collaterally attack a conviction and sentence bars relief under § 2255.  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  But, to be valid, the waiver must be knowing, intelligent, and voluntary.  *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).  Rule 11 of the Federal Rules of Criminal Procedure requires that the Court "inform the defendant of, and determine that the defendant understands . . . the terms of any plea agreement provision waiving the right to appeal or collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).  Complying with the Rule sufficiently demonstrates that the defendant entered into a waiver knowingly, voluntarily, and intelligently.  *United States v. Sharp*, 442 F.3d 946, 950 (6th Cir. 2006); *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006).

Under Rule 11 of the Federal Rules of Criminal Procedure, a district court verifies that a defendant's plea is voluntary and that he or she understands his or her constitutional rights, the nature of the crime charged, and the consequences pleading guilty.  The court must also confirm that there is a factual basis supporting the guilty plea.  *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir. 1988);  Fed. R. Crim. P. 11.  The Sixth Circuit has concluded that a trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea.  *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)

At the time his guilty plea was entered, Hornback affirmed that he had read the plea agreement and discussed it with his attorney. Likewise, Hornback acknowledged that he understood all relevant terms and conditions. [Record No. 87, pp. 7-8] Hornback also admitted that he was not subject to other promises, threats, or coercion. [*Id.*, p. 12] Moreover, the collateral attack and appeal waiver provision was specifically explained to Hornback and he indicated that he understood it. [*Id.*, p. 17] Hornback also affirmed that he was satisfied with Attorney Merritt's advice and representation. [*Id.*, p. 7]

Additionally, Hornback's plea agreement stated that by executing it he had read it and understood its terms. [Record No. 75, p. 5 ¶ 16] Hornback swore in court that these facts were true and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). These statements present a "formidable barrier" to collateral proceedings. *Id.* Although Hornback now claims that his waiver was procured through coercion, he does not state with specificity any facts supporting the assertion. Without more, and considering the affirmative statements made by Hornback concerning his waiver provision, the Court concludes that Hornback's decision was made knowingly, voluntarily, and intelligently. Thus, the waiver provision is valid and enforceable and Hornback's objections to the contrary will be overruled.

## C.    Voluntariness of the Guilty Plea

"A guilty plea is valid if entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). When "a defendant is represented by counsel during the plea

process and enters his plea based on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.'" *Id*. (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Hornback asserts that his plea was involuntary because he did not know what rights he was waiving, his counsel misadvised and coerced him, and he did not understand his charges. [Record No. 103, p. 4] However, the magistrate judge concluded that Hornback's allegations were not supported by the record and that the evidence demonstrated that the plea was voluntarily made. [Record No. 112, pp. 7-9] In his objections to the magistrate judge's recommended disposition, Hornback reasserts that his plea was the result of coercion from his counsel. [Record No. 113, p. 3]

The record refutes Hornback's argument. Instead, it clearly demonstrates that Hornback was competent, understood his plea agreement, and that no one coerced him into signing it. [Record No. 87, pp. 12, 24] At arraignment and at the time his guilty plea was accepted by the Court, Hornback was informed of his rights, the charges placed against him, and the potential penalties. Hornback affirmed that he fully understood each of these matters. [Record No. 6; Record No. 87, pp. 12-13, 19-23] These statements "carry a strong presumption of verity" and present a strong barrier to collateral relief. *Blackledge*, 431 U.S. at 74. Hornback makes no

specific assertion concerning his ignorance of the charges against him or the rights he was waiving other than a general claim of ignorance. With the record clearly showing that the charges and his rights were explained to him at length – and in light of Hornback's complete failure to present any evidence or make any specific claim – this assertion will not render his guilty plea involuntary.

Hornback also argues that his guilty plea should be considered involuntary because it was produced by coercion and upon incorrect advice of his attorney. [Record No. 113, p. 3] In response to this claim, the United States produced affidavit from Merritt demonstrating that she had regular contact with Hornback to discuss his case. [Record No. 110-1, pp. 1-5] While Hornback argues that Merritt's affidavit is "one-sided," he fails to rebut its contents. Further, Hornback has not offered any evidence of coercion or erroneous advice other than conclusory assertions. [Record No. 113, pp. 2-4] However, these unsupported allegations are insufficient to demonstrate that his plea was involuntary. Likewise, in his objections to the magistrate judge's report, Hornback does not present any specific facts to support his conclusory assertions. [*Id.*] Merritt's affidavit demonstrates a zealous defense and does not show any coercive effect or possible incorrect advice. [Record No. 110-1, pp. 1-5] In fact, at the time his guilty plea was entered, Hornback admitted that he had thoroughly discussed his case with Merritt and that he was satisfied with her representation. [Record No. 87, pp. 6-7]

In summary, the evidence demonstrates that Hornback had the charges against him as well as and rights to which he was entitled thoroughly explained. He unequivocally stated that he understood these matters. Further, beyond general, unsupported arguments, Hornback has

not offered any proof to the contrary. The Court concludes that Hornback entered into the plea agreement knowingly, voluntarily, and intelligently and that the waiver provision contained in that document is valid and enforceable.

### D. Ineffective Assistance of Counsel

Hornback claims that Merritt provided ineffective representation. [Record No. 103, pp. 3, 6] To succeed on this claim, he must show that his attorney's performance was deficient and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Ineffective assistance under *Strickland* is deficient performance, with performance being measured against an 'objective standard of reasonableness,' 'under prevailing professional norms.'" *Id*. (citations omitted). Thus, Hornback must demonstrate that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different. *Strickland*, 466 U.S. at 687. Further, scrutiny of counsel's performance is highly deferential. Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689; *see also Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

### 1. Conflict of Interest

Hornback asserts that Merritt provided ineffective assistance because she had served as an advisory board member for the Boys and Girls Club of America. [Record No. 103, p. 3] He claims that, because his crimes involved child pornography and because he is a sex offender, Merritt's representation was "biased and unethical." [Record No. 103-1, p. 1] Additionally, he

asserts that Merritt intentionally failed to investigate his case, failed to properly defend him, and coerced him into thinking he was required to a guilty plea. [Record No. 113, p. 5]

To establish a conflict of interest here, Hornback must point to specific instances that demonstrate an actual conflict or an "impairment of his interests." *United States v. Mays*, 77 F.3d 906, 908 (6th Cir. 1996) (citing *United States v. Hopkins*, 43 F.3d 1116, 1119 (6th Cir. 1995)). An alleged conflict cannot be hypothetical or irrelevant, but must be an "actual significant conflict." *Id*. (citing *Hopkins*, 43 F.3d at 1119). Additionally, a defendant must show that counsel "made a choice between possible alternative courses of action . . . helpful to one client but harmful to the other." *Moore v. Mitchell*, 708 F.3d 760, 777 (6th Cir. 2013) (citing *McElrath v. Simpson*, 595 F.3d 624, 631 (6th Cir. 2010)). If a defendant demonstrates a real conflict of interest, prejudice is presumed. *Id*. (citing *Strickland*, 466 U.S. at 692).

In the present case, Hornback has failed to show any instance of an actual conflict during Merritt's representation of him. While Hornback asserts that Merritt was an advisory board member for the Boys and Girls Club during this action, Merritt's affidavit confirms that she did not serve on that board at that time. [Record No. 110-1, p. 5] Merritt also affirmed that her prior involvement with the organization did not effect her representation. [*Id*.]

Beyond the mere fact that his counsel at one point served as a board member of the organization, Hornback does not point to any particular action that Merritt took that would have harmed him. He seems to argue that Merritt's service to the Boys and Girls Club *per se* created a conflict with his representation. However, such hypothetical conflicts and generalized claims

are not sufficient to demonstrate a conflict of interest that impaired his right to effective counsel. *Mays*, 77 F.3d at 908.

In his objections, Hornback asserts that the alleged hypothetical conflict is demonstrated by Merritt's intentional failure to investigate his case, properly defend him, and by Meritt coercing him into thinking his only option was to enter a guilty plea. [Record No. 113, p. 5] However, Hornback does not point to any specific act that Merritt took that was influenced by her prior involvement with the organization. Rather, he makes the same superficial and generic assertions without any precise factual support. Having fully considered Hornback's arguments, the Court fully agrees with the magistrate judge that this claim is nothing but "the rankest of speculation" regarding Merritt's personal beliefs and their impact on her representation. [Record No. 112, p. 19]

### 2. Failure to Investigate

Hornback also asserts that Merritt was ineffective because she failed to investigate his case and failed to challenge the search warrants. [Record No. 103, p. 6] And in his objections to the magistrate judge's recommended disposition, Hornback argues that Merritt's failure to investigate buttresses his conflict of interest claim. [Record No. 113, p. 5] However, Hornback fails to address any of the deficiencies that the magistrate judge noted regarding this claim.

As previously stated, to succeed on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient *and* that it prejudiced his defense. *Strickland*, 466 U.S. at 687. Additionally, when an ineffective assistance of counsel claim is premised on the failure to challenge a search warrant, the defendant must show that the

challenge to the warrant is meritorious and there is some reasonable chance that the outcome would have different but for the excludable evidence. *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 376 (1986)).

Magistrate Judge Wier noted in his Recommended Disposition that the warrants were not in the record and Hornback has yet to submit the warrants to allow a review of their contents. Further, Hornback fails to demonstrate how any of the search warrants were defective. His pleadings lack any specific facts or arguments that could possibly show what investigation Merritt could have performed that would have changed the outcome. Instead, he asserts that the first search warrant was defective because it was served on an incompetent family member. [Record No. 111, p. 12] Hornback also contends that a second warrant was deficient because it contained a wrong address and was also served on an incompetent family member. [*Id.*] However, he fails to demonstrate that any challenge to the warrants on these grounds would be meritorious or that the outcome of his conviction would have been different. Further, as the magistrate judge noted, on two occasions Hornback declined to meet with the Kentucky State Police Cybercrimes unit to review evidence against him. [Record No. 110-1, p. 2] Merritt's affidavit also demonstrates that she reviewed the discovery thoroughly, including the warrants. [Record No. 110-1, pp. 1, 16-21]

In short, while Hornback suggests that Merritt's affidavit is "one-sided," he does not point to any evidence that demonstrates that Attorney Merritt's counsel was ineffective. Hornback has failed to show that Attorney Merritt's decision not to challenge the warrants fell below the standard for professional norms. *Strickland*, 466 U.S. at 687 (1984).

-13-

### 3.     Prejudice on Appeal

Hornback next asserts that because Merritt stated that there were no colorable issues to appeal in her *Anders* brief, his appeal was prejudiced.[3]  [Record No. 103, p. 6]  Merritt followed proper appellate procedures, filing her *Anders* and complying with its requirements.  [Record No. 91]  She indicated that there were no colorable issues for appeal but identified that a potential issue may be the reasonableness of the Court's sentence.  [*Id.*, p. 1]  Hornback sought to have new counsel appointed.  However, after reviewing the record, the Sixth Circuit found that there were no issues that would support an appeal.  [*Id.*]  The magistrate judge correctly concluded that no prejudice resulted from Attorney Merritt's filing of an *Anders* brief.  [Record No. 112, p. 23]

### 4.     Constructive Denial

Hornback also claims that Merritt constructively denied his right to counsel because she provided "affirmative misadvice," failed to investigate, and demonstrated a "total lack of professionalism."  [Record No. 103, p. 5]  Hornback's objections suggest that the magistrate judge's recommended disposition did not resolve his claim of constructive denial.  [Record No. 113, p. 12]

The Sixth Circuit has determined that, to show that an attorney's performance was so deficient that it constructively denied a defendant his right to counsel, a defendant must demonstrate that his attorney either: (i) was not present at a critical stage; (ii) completely failed

---

[3]        Under *Anders*, defense counsel may make a motion to withdraw if it appears that, based on a conscientious review of the case, an appeal would be frivolous.  *Anders* also requires that defense counsel note "anything in the record that might arguably support an appeal."  *Anders*, 386 U.S. 738, 744 (1967).  The defendant is then allowed an opportunity to respond to the filing and request counsel, after which the circuit court will review the proceeding to determine if the case is "wholly frivolous."  *Id.*

to put the prosecution's case to adversarial testing; or (iii) was put in a situation where a competent counsel could not render assistance. *United States v. Morris*, 470 F.3d 596, 601 (6th Cir. 2006) (citations omitted). Here, the magistrate judge found that Hornback had not satisfied any of the three possible grounds to demonstrate constructive denial. [Record No. 112, p. 23]

Hornback argues that he has shown that Merritt's performance failed on all three grounds. [Record No. 113, p. 12] However, Hornback does not make any further argument beyond the mere assertion that Merritt's performance satisfied all of the individual factors. But such general accusations do not support Hornback's claim. Instead, the record demonstrates that Merritt properly defended Hornback in this matter, reviewed discovery, hired an expert witness, had multiple conversations with Hornback, and attempted to review the government's evidence with him. [*See* Record No. 110-1.] Hornback has failed to provide any evidence that Merritt was absent at any critical stage. Likewise, he has not shown that Merritt failed to put the United State's case to adversarial testing. Further, Hornback has not shown that Merritt was in a situation where a competent counsel could not render assistance.

Moreover, Hornback does not address the magistrate judge's finding construing this claim as one of cumulative error. Cumulative error allows a defendant to show that the combined effect of all of a counsel's errors rendered his trial "fundamentally unfair." *United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004). However, Hornback has not shown that any of his claims of ineffective assistance of counsel are valid. Therefore, to the extent his constructive denial claim may be construed as one of cumulative error, the claim will be denied.

### E.    Unconstitutional Enhancement

Hornback originally argued that the Court unconstitutionally enhanced his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). [Record No. 103, p. 7] However, the magistrate judge correctly determined that this claim failed because the Court sentenced Hornback within the statutory range (and at the bottom of his guidelines calculation) and did not violate the holding in *Apprendi*. [Record No. 112, p. 11 (citing *United States v. Sanders*, 406 F. App'x 995, 997-98 (6th Cir. 2011); *United States v. Garcia*, 240 F.3d 180, 184 (2d Cir. 2001)] Hornback does not object to the magistrate judge's findings on this issue. [*See* Record No. 113.] Instead, he now asserts that the increase to his guidelines is unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), arguing that it retroactively applies to his case. [Record No. 113, p. 11]

The Court in *Alleyne* held that any factor that increases the penalty of a crime is an element which must be submitted to a jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. However, *Alleyne* does not have retroactive effect. *United States v. Potter*, No. 7:03-21-DCR, 2013 WL 3967960, at *3 (E.D. Ky. July 31, 2013); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne* does not have retroactive effect); *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) (same) (collecting cases). The rule announced in *Alleyne* will not apply to Hornback's conviction as it was decided after his conviction became final. *Teague v. Lane*, 489 U.S. 288, 310 (1989).

### F.    Subject Matter Jurisdiction

Hornback also argues that this Court does not have subject matter jurisdiction over his case. [Record No. 103, p. 7] He has also submitted a brief which claims that Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional and never properly enacted. [Record No. 102] The magistrate judge found this claim to be utterly frivolous. [Record No. 112, pp. 11-14] Hornback objects to this determination, reasserting his original claim. [Record No. 113, pp. 12-15]

As the magistrate judge correctly concluded, this argument has been raised and rejected on numerous previous occasions. In fact, "[t]he validity of § 3231 has been affirmed by every court to address it." *United States v. Penwell*, 455 F. App'x 181, 183-84 (3d Cir. 2011) (collecting cases). Hornback's claim raises no new issue that has not already been deemed frivolous and meritless by every court to analyze it. Additionally, Hornback does not address the magistrate judge's finding that, even if his arguments were somewhat correct, the "enrolled bill" rule would preclude the relief sought. *United States v. Campbell*, 221 F. App'x 459, 461 (7th Cir. 2007). Further, as the magistrate judge correctly determined, if Hornback's assertions were true, the predecessor to 18 U.S.C. § 3231 would still be in effect and provide jurisdiction over this matter. *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 967-68 (W.D. Mo. 2008).

### G. Territorial Jurisdiction

Hornback claims that this Court also lacks territorial jurisdiction. [Record No. 103, p. 7] Citing 18 U.S.C. § 7, Hornback argues that federal courts only have jurisdiction over criminal matters if they occur on *federal* land. [Record No. 103-2, p. 10-13] Further, he asserts, the United States must provide a "Notice of Acceptance" showing that Kentucky has given jurisdiction over the matter to the federal government and that the federal government accepted

such jurisdiction. [*Id.*] The magistrate judge likewise found this argument to be without merit. [Record No. 112, p. 16] The undersigned agrees that the argument is frivolous.

"Federal courts have exclusive jurisdiction over all offenses against the laws of the United States under 18 U.S.C. § 3231 and the permission of the states is not a prerequisite to exercise that jurisdiction." *United States v. Russell*, 30 F. App'x 348, 351 (6th Cir. 2002) (citing *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir.1992); *United States v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir.1992)). Further, Hornback does not object to the magistrate judge's conclusion that 18 U.S.C. § 2252(a)(2), the predicate offense, contains its own jurisdictional element, requiring that the material traveled in interstate commerce. Hornback admitted this element in his plea agreement and acknowledged it at his rearraignment. [Record No. 75, p. 1; Record No. 87, p. 22] Because this Court possesses jurisdiction pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 2252(a)(2), this claim fails.

### H.    Structural Error

Hornback's claim of structural error is without merit. Although Hornback has not raised any objection with the magistrate judge's determination regarding this issue, the Court has reviewed the defendant's assertion. Hornback argues that the Court committed error by removing his retained counsel from this case. [*See* Record No. 104.] Improper deprivation of counsel can constitute structural error. *United States v. Turner*, 651 F.3d 743, 748 (7th Cir. 2011). However, there was no improper deprivation here. Hornback's original attorneys acknowledged that they had a disqualifying conflict and moved to withdraw from the case after consulting with the Kentucky Bar Association Ethics Hotline. [Record Nos. 38, 39] At

Hornback's request, the Court appointed new counsel. [Record No. 39] The magistrate judge correctly determined that there was no wrongful denial of counsel. A trial court has a "wide latitude in balancing the right to counsel of choice against the needs of fairness." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). Here, the Court weighed the interests of Hornback having the representation of his choosing with the conflict created by them also representing another defendant with opposing interests.

## I.      Evidentiary Hearing

Hornback requests an evidentiary hearing concerning his subject matter jurisdiction claim. [Record No. 113, p. 18] However, he has not demonstrated any facts that, if fully developed, could lead the Court to find that habeas relief is appropriate. *See Litt v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001) ("A district court may, in the context of a habeas proceeding, permit discovery, provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate."). The Court concludes that Hornback has failed to raise any meritorious claim. Accordingly, the undersigned agrees with the magistrate judge's conclusion that a hearing is not warranted.

## J.      Certificate of Appealability

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

As discussed above, there is no claim or objection that raises a meritorious issue regarding constitutional rights. Jurists of reason would not conclude that this Court's assessment of any constitutional claims raised by Hornback are either debatable or wrong.Finally, the Court finds that a Certificate of Appealability should not issue in this case on any of Hornback's claims. As a result, a Certificate of Appealability will not be issued regarding any of Hornback's claims.

## IV.

Based on the foregoing reasoning and analysis, it is hereby

**ORDERED** as follows:

1.      United States Magistrate Judge Robert E. Wier's Recommended Disposition [Record No. 112] is **ADOPTED IN FULL** and **INCORPORATED** herein by reference.

2.      Hornback's objections to the Magistrate Judge's Recommended Disposition [Record No. 113]  are **OVERRULED**.

3.      Hornback's petition to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 103] is **DENIED**.  A separate Judgment shall issue this date.

4.      To the extent that Hornback requests additional or separate relief through the brief filed in support of his argument that the Court lacks subject matter jurisdiction [Record No. 102], that request is **DENIED**.

5.      A Certificate of Appealability shall not issue.

This 18th day of June, 2014.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**