UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3: 10-013-DCR |
| ) | |
| V. ) | |
| ) | |
| RONALD CRAIG HORNBACK, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ronald Craig Hornback is 65 years old. He was indicted at age 51 and charged with five counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). [Record No. 1] Hornback entered a guilty plea on April 11, 2011, to one count of receiving of child pornography. [Record No. 69] He was subsequently sentenced to 121 months of imprisonment and a life-term of supervised release. [Record Nos. 75, 79]

Hornback filed a motion seeking early termination of his supervised release on September 23, 2025, after serving less than six years of supervision. [Record No. 119] He argues that termination is warranted because he has complied with all supervision conditions, maintains strong family relationships, and is employed full-time. [*Id.*] Hornback further contends that certain conditions of his supervised release have become "overly burdensome", specifically the restrictions on his travel outside the Eastern District of Kentucky and his prohibition from using "smart" electronic devices during his employment. [*Id.* at 2-3]

A district court may grant early termination of the remaining term of supervised release after one year of supervision has elapsed after considering certain factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). A showing of exceptional conduct or a change in circumstances is generally required before early termination is justified. *See United States v. Butler*, No. 22-5877, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023). However, merely complying with the expectations of supervised release is not "exceptional." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002).

First, after considering the applicable factors outlined in § 3553(a), the Court concludes that Hornback's circumstances do not justify early termination of supervised release. His claims of compliance with supervision conditions, strong family ties, and full-time employment do not demonstrate exceptional conduct or a sufficient change in circumstances to warrant shortening his term of supervision. Moreover, Hornback's offense was undeniably serious. He used a computer file-sharing program to facilitate possession of over 730 images and 2 videos of child sexual abuse material, involving more than 30 known victims. [PSR at ¶¶ 6-12] Crimes involving child pornography are inherently difficult to detect, and the internet enables offenders to act in the privacy of their homes. Further, the viewing of child pornography contributes to a market that perpetuates abuse of the victims depicted. The conditions of Hornback's supervised release were established with these risks in mind, and the Court remains **firmly** convinced that these conditions are necessary to prevent future misconduct and promote public safety.

Additionally, although Hornback cites family visitation as a motivating factor for seeking early termination, he has a documented history of domestic violence involving both

- 2 -

romantic partners and his children. [PSR at ¶¶ 34, 44] Continued supervision therefore would help ensure that his interactions with family remain positive and safe.

Next, complete termination of the defendant's supervised release approximately six years into a lifetime term of supervision could create sentencing disparities among similarly situated defendants. The Court's imposition of a lifetime term of supervision reflects its determination that a lengthy period of oversight is necessary to satisfy the relevant sentencing objectives. By statute, the minimum term of supervision for the defendant's offense is five years. 18 U.S.C. § 2252(b)(1); U.S.S.G. §5D1.2(b)(2). Ending supervision only one year beyond that minimum would underline the risk assessment conducted as sentencing and would likely result in treatment inconsistent with that of other defendants serving lifetime terms of supervised release. In summary, early termination of Hornback's supervised release is not justified.

Alternatively, Hornback requests that the Court "lift the requirement that he not possess smart devices" so that he may accept a promotion requiring the use of an iPad or iPhone. [Record No. 119 at 3-4] He asserts that his current supervised release condition prevents him from possessing such devices. [*Id.*] But given the nature of the underlying offense, this special condition serves to limit the specific risks associated with online receipt of child pornography, protect the public, and deter the defendant from committing similar offenses in the future. While the undersigned is not unsympathetic to the challenges posed by the terms of the defendant's supervision, those conditions will remain in place for the reasons stated above.

Based on the foregoing, it is hereby

**ORDERED** that Defendant Ronald Craig Hornback's motion for termination or modification of supervised release [Record No. 119] is **DENIED**.

Dated: October 29, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky